UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD A. PICKETT,

                      Plaintiff,

v.                                                Case No. 19-cv-59-nj-pp

ARAMARK,

                      Defendant.

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 10)**

This case is assigned to U.S. Magistrate Judge Nancy Joseph. On March 5, 2019, Judge Joseph issued an order screening the plaintiff's complaint and finding that he failed to state a claim. Dkt. No. 9. Judge Joseph gave the plaintiff an opportunity to file an amended complaint, id. at 5, which he did on April 1, 2019, dkt. no. 10.

Although the plaintiff consented to Judge Joseph hearing and deciding the case, the *defendant* has not yet had the opportunity to decide whether to consent to magistrate judge authority because, until now, the court has not decided whether the complaint should be served on the defendant. Because *both* parties have not yet consented to the magistrate judge hearing the case, the clerk's office referred the case to this district judge to screen the amended complaint and decide whether it should be served on the defendant. The court will explain whether the plaintiff states a claim, then return the case to Judge Joseph for further proceedings.

As Judge Joseph explained in her March 5 order, the law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. Dkt. No. 9

1

at 2 (citing 28 U.S.C. §1915A(a)). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

The plaintiff alleges that he is a Protestant, which requires him to be on a vegan diet; his religious beliefs prohibit him from consuming meat, animal products or yeast. Dkt. No. 10 at 2. He explains that, when he arrived at the Racine County Jail on November 21, 2018, he was placed on a vegan diet. Id. Despite that designation, he alleges that he has not received a vegan tray since he arrived. Id. at 2-3. The plaintiff asserts that he is expected to eat whatever the kitchen sends him, including bread (which contains yeast), milk and grilled cheese. Id. at 3. The plaintiff says that when he notified CO Foreman of the problem, Foreman "called the kitchen/Aramark once again." Id. He says that Delanda Jones told him to eat what the kitchen sent or "don't eat at all." Id. The plaintiff recounts an occasion on which he was given a grilled cheese sandwich, even though his tray clearly was marked "vegan diet no meat or dairy." Id. He says he informed CO Eppers of the problem; when Eppers sent for a new tray, the plaintiff again got a grilled cheese. Id. He didn't eat that day, "like many other days." Id. The plaintiff says he's written many complaints about this and has not gotten a response. Id. at 4.

The plaintiff names only Aramark as a defendant. Under §1983, a plaintiff cannot sue a private corporate employer for the misconduct of its employees unless the plaintiff can show "that his injury was caused by a [corporate] policy, custom, or practice . . . ." Shields v. Ill. Dept. of Corrections, 746 F.3d 782, 796 (7th Cir. 2014). The plaintiff has not alleged that Aramark had a policy, custom or practice of serving meat and dairy to vegan inmates,

2

nor has he alleged a pattern of bad acts involving other vegan inmates that would raise an inference of such a policy. It appears that the only reason the plaintiff named Aramark as a defendant is because Aramark is the employer of the kitchen staff who prepared his meals. On the allegations in this amended complaint, the plaintiff may not proceed against Aramark.

Although the defendant did not list Delanda Jones as a defendant, the court will allow him to proceed against her on claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act, based on his allegations that after he told Jones he could not eat the food he had been served, she told him to either eat it or not eat at all. See, e.g., Koger v. Bryan, 523 F.3d 789 (7th Cir. 2008). Although the plaintiff did not name Jones in the caption of his complaint, the Seventh Circuit has instructed district courts to liberally construe *pro se* complaints, which may include construing a plaintiff to have named a defendant who is mentioned only in the body of the complaint. Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 559 (7th Cir. 1996).

The court **DISMISSES** Aramark as a defendant based on the plaintiff's failure to state a claim against it.

The court **NAMES** Delanda Jones as a defendant. The clerk's office will update the docket accordingly.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendant Delanda Jones under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to

waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Delanda Jones to file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **RETURNS** this case to United States Magistrate Judge Nancy Joseph for further proceedings.

Dated in Milwaukee, Wisconsin, this 19th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**