UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD A. PICKETT,

        Plaintiff,

v.

        Case No. 19-cv-59-pp

DELANDA JONES,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 32) AND EXTENDING DEADLINE FOR DEFENDANT TO FILE REVISED MOTION**

    Plaintiff Donald A. Pickett is representing himself. He filed this lawsuit under 42 U.S.C. §1983. On April 19, 2019, the court screened the plaintiff's amended complaint and allowed him to proceed against the defendant on a claim under the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) based on his allegations that the defendant repeatedly refused to provide him with his jail-approved vegan diet. Dkt. No. 12 at 3. On December 23, 2019, the defendant filed a motion for summary judgment. Dkt. No. 32. That motion is fully briefed, but before the court decides the motion, it will require the defendant to supplement her summary judgment materials.

1

## I. RELEVANT FACTS

The plaintiff was incarcerated at the Racine County Jail[1] when he filed his amended complaint.[2] Dkt. No. 10 at 1. After arriving at the jail, the plaintiff asked to be placed on a vegan diet because of his religious beliefs. Id. at 2; Dkt. No. 34 at ¶10. He states that he was "put on a vegan diet," although he does not provide specifics about who approved his request.[3] Dkt. No. 10 at 2. The plaintiff asserts that he never received a vegan tray. Id. at 2-3.

The defendant is employed by Aramark Correctional Services as the Food Service Director at the jail. Dkt. No. 34 at ¶2. She oversees food production, food safety requirements and the implementation of dietician-approved

---

[1] In April 2019 the plaintiff was transferred to the Racine Correctional Institution; he is still there. https://appsdoc.wi.gov/lop/detail.do.

[2] The defendant says that the plaintiff did not respond to her proposed statements of fact as required by Civil Local Rule 56(b)(2)(B) (E.D. Wis.). Dkt. No. 40 at 1-2. Instead, he filed a "Declaration in Opposition to Defendant's Motion for Summary Judgment," in which he addressed some of the defendant's proposed statements of fact. Dkt. No. 40. The court agrees that the plaintiff did not technically comply with the requirements of the local rule but will excuse his noncompliance because he does not have a lawyer. The court notes, however, that the plaintiff's declaration lacks a statement that he declares under penalty of perjury that the assertions in his declaration are true and correct. The plaintiff declared under penalty of perjury that the statements in his *amended complaint* were true and correct. Dkt. No. 10 at 6. The assertions in his amended complaint largely overlap with the assertions in his declaration. To the extent the assertions in the amended complaint comply with Fed. R. Civ. P. 56(c)(4), the court will consider them as evidence in opposition to the defendant's motion. See Ford v. Wilson, 90 F.3d 245. 246-47 (7th Cir. 1996).

[3] The bottom, right-hand corner of page 2 of the plaintiff's amended complaint is stamped in all caps: "VEGAN DIET NO MEAT OR DAIRY 3A PICKETT, DONALD." Dkt. No. 10 at 2. Page 3 bears a stamp with the same information, but "VEGAN DIET" is blacked out. Id. at 3. The court does not know who stamped those pages or why.

2

Case 2:19-cv-00059-PP   Filed 09/29/20   Page 2 of 9   Document 43

nutrition requirements. Id. at ¶3. She asserts that special diet requests made by inmates are approved by jail staff, health services or the chaplain. Id. at ¶5. Special diet approvals are then communicated to Aramark. Id. Aramark plays no role in the review or approval of diet requests made by inmates. Id. at ¶6. Aramark merely fulfills the special diet orders that jail staff communicates to it.[4] Id.

The plaintiff asserts that on December 27, 2018, the defendant told him via telephone that he could not have wheat bread because that was for juvenile inmates and that he should eat the white bread. Dkt. No. 10 at 3. The plaintiff says that the day before, the defendant had made similar comments, telling him to eat what was sent to him or to not eat. Dkt. No. 10 at 3. The plaintiff explains in his declaration that his contacts with the defendant were through an officer. Dkt. No. 40 at ¶¶3, 6. He would stand next to the officer who would be on the phone or radio; the plaintiff asserts that he could hear everything the defendant said and he could hear everything the officer said to the defendant. Id.

According to the plaintiff, every day he received food that was inconsistent with his approved vegan diet. Id. He states that, as a result, he skipped many meals. Id.

The defendant contends that she had no personal interaction with the plaintiff and that she never spoke directly to him. Dkt. No. 34 at ¶¶15-16. She

---

[4] The parties do not explain how an inmate submits a special diet request, who at the jail approves those requests, to whom jail staff's approvals are communicated or how Aramark implements the approved special diet.

3

also states that she never told him or anyone else that he must eat what he was given or not eat at all. Id. at ¶¶16-17. The plaintiff asserts that he wrote many grievances about this issue, dkt. no. 10 at 3, but the defendant asserts that she never received any of them, dkt. no. 34 at ¶18.

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B.  Analysis

The defendant says that the court "allowed Mr. Pickett to proceed on extremely narrow claims based solely on his allegation that on two occasions, Defendant Delanda Jones told him to either eat the food he was given or not eat at all. As such, the only issue in this case is whether Ms. Jones made the comments and, if so, whether those comments rise to the level of a violation of the First Amendment of the Constitution and/or the [RLUIPA]." Dkt. No. 33 at 1-2. The defendant goes on to explain that she cannot be liable because she had no authority to determine what diet the plaintiff would receive or what his meal menus would be. Id. at 2, 5-7. She further argues that, even if the plaintiff could show her personal involvement, her isolated comments do not state a claim under the First Amendment or the RLUIPA. Id. at 7-10.

The defendant either misunderstands or misstates the claim on which the court allowed the plaintiff to proceed. In his amended complaint, the plaintiff alleged that his request for a vegan diet had been approved and that, despite that approval, the kitchen staff refused to provide him with vegan meals. The plaintiff alleged that he informed the defendant that he was not receiving vegan meals (as had been approved), but that she refused to remedy the situation.

5

Whether the defendant had the authority to approve the plaintiff for a vegan diet is irrelevant. The plaintiff asserts that the *jail* approved his request for a vegan diet. The defendant states that, once the jail approves a diet request and communicates it to Aramark, kitchen staff is responsible to fill the special diet order. As the Food Service Director, the defendant oversees the implementation of approved orders and food production. Under §1983, a supervisor will be held liable for a subordinate's misconduct if the supervisor knows about the misconduct and facilitates it, approves it, condones it or turns a blind eye to it. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (quoting Jones v. City of Chi., 856 F.2d 985, 992 (7th Cir.1988)). The plaintiff asserts that after he told the defendant that her subordinates were not giving him his approved diet, she condoned the kitchen staff's failure to do so.

The court did not—as the defendant suggests—allow the plaintiff to proceed with a claim that two isolated comments violated his rights. Instead, the court allowed the plaintiff to proceed with a claim that the defendant's refusal (as demonstrated by her comments) to remedy the kitchen staff's failure to implement his approved special diet violated the First Amendment and/or RLUIPA because it placed him in the untenable position of having to eat food that violated his religious beliefs or go hungry. See Jones v. Carter, 915 F.3d 1147, 1150 (7th Cir. 2019) (holding that forcing a prisoner to choose between adequate nutrition and religious practice imposes a substantial burden on a prisoner's religious practice).

"Federal Rule of Civil Procedure 56 imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary." Modrowski v. Pigatto, 712 F.3d 1166, 1168 (7th Cir. 2013) (citations omitted). While the moving party does not have to negate the non-moving party's claim, it must, at least, "point[] out to the district court [] that there is an absence of evidence to support the nonmoving party's case." Id. (citations and internal quotation marks omitted). The defendant has failed to do this. She dances around the most significant facts—whether (as the plaintiff asserts in his sworn complaint) jail staff approved the plaintiff's request for a special diet and, if so, whether jail staff communicated the approval for a special diet to the kitchen staff.

Because it appears that the defendant misunderstood the contours of the plaintiff's claim, the court will deny the summary judgment motion without prejudice. The court will give the defendant a deadline by which to file a revised motion addressing whether the jail had approved the plaintiff's request for a vegan diet, and, if so, whether the defendant had a responsibility to address her subordinates' failure to implement the approved diet after the plaintiff notified her of their failure to do so. If the defendant does not file a revised summary judgment motion by the deadline the court sets below, the court will schedule a hearing to discuss trial dates.

If the defendant files a revised motion, the court will give the plaintiff an opportunity to respond to the defendant's supplemental materials. The court reminds the plaintiff that "summary judgment is the put up or shut up

7

moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901 (7th Cir. 2003). The plaintiff may tell the court his version of what happened in an affidavit or declaration under 28 U.S.C. §1746.[5] His declaration must contain only information that he has personal knowledge of. If he does not have personal knowledge of a particular fact, he must provide evidence such as documents to prove the truth of his statements. Merely stating that he *could* provide evidence will be insufficient.

### III. CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for summary judgment. Dkt. No. 32.

The court **EXTENDS** the deadline for the defendant to file her revised motion for summary judgment and supporting materials to the end of the day on **October 23, 2020**. If the court does not receive a revised motion for summary judgment by day's end on October 23, 2020, the court will schedule a hearing to discuss trial dates.

The court further **ORDERS** that if the defendant files a revised summary judgment motion by the end of the day on October 23, 2030, the plaintiff may file his opposition brief and supporting materials by the end of the day on November 27, 2020 and the plaintiff may file a reply (if she chooses to

---

[5] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

do so) by the end of the day on December 18, 2020.

Dated in Milwaukee, Wisconsin this 29th day of September, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**