UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD A. PICKETT,

        Plaintiff,

        v.                                      Case No. 19-cv-0059-bhl

DELANDA JONES,

        Defendant.

## DECISION AND ORDER

Plaintiff Donald A. Pickett is representing himself in this §1983 case. On April 19, 2019, the Court screened Pickett's amended complaint and allowed him to proceed against Defendant Delanda Jones on claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) based on allegations that Defendant repeatedly refused to address his complaints that kitchen staff was not providing him with a jail-approved vegan diet in accordance with his religious beliefs. Dkt. No. 12 at 3. On December 23, 2019, Defendant filed a summary judgment motion, which the Court denied without prejudice on September 29, 2020. Dkt. Nos. 32, 43. The Court found that Defendant had either misunderstood or misstated the claim that Pickett had been allowed to proceed on. Dkt. No. 43 at 5, 7. Accordingly, the Court allowed Defendant to file a revised summary judgment motion to address whether her alleged refusal to address her subordinates' failure to provide Pickett with an approved diet violated Pickett's free exercise rights. Defendant supplemented her summary judgment motion on November 23, 2020. Dkt. No. 48. That motion is fully briefed and ready for the Court's decision.

## BACKGROUND

Pickett is no longer incarcerated, but at the time he filed his amended complaint, he was incarcerated at the Racine County Jail. Dkt. No. 10 at 1. According to Defendant, Aramark Correctional Services, LLC, provides food service to the jail. Dkt. No. 50 at ¶31. Defendant was employed by Aramark as the Food Service Director at the jail while Pickett was incarcerated there. Dkt. No. 34 at ¶2. She oversaw food production, food safety requirements, and the implementation of dietician-approved nutrition requirements. *Id.* at ¶3.

After arriving at the jail, Pickett asked to receive a vegan diet because of his religious beliefs. Dkt. No. 10 at 2; Dkt. No. 34 at ¶10. Defendant does not dispute that the jail approved Pickett's request for a vegan diet. Dkt. No. 51 at 1. Once the jail approves an inmate's request for a religious diet, it is Aramark's responsibility to implement that order. *Id.* at ¶35. Defendant explains that Aramark has a policy and procedure for providing vegan inmates with nutritionally appropriate food at every meal that does not contain any animal-derived ingredients. Dkt. No. 50 at ¶¶36, 39. Aramark does not offer or serve vegan inmates non-vegan food. *Id.* at ¶40. Defendant explains that many food items may be served to a vegan inmate that might not be traditionally understood as being vegan friendly. *Id.* at ¶46. For example, while cheese is not traditionally part of a vegan diet because it is an animal-derived product, vegan-friendly cheese has become widely available and is often used by Aramark. *Id.* at ¶¶47-48.

Pickett asserts that he did not receive food consistent with his approved vegan diet. Dkt. No. 58 at 1. Pickett explains that he regularly received milk, white bread, cake, honey, and eggs. *Id.* at 2-3; Dkt. No. 56 at 3, 4. According to Pickett, on December 27, 2018, Defendant told him via telephone that he could not have wheat bread because that was for juvenile inmates and that he should eat the white bread. Dkt. No. 10 at 3. Pickett asserts that, the day before, Defendant made

2

similar comments, telling him to eat what was sent to him or to not eat. Dkt. No. 10 at 3. Pickett explains in his declaration that his contacts with Defendant were through an officer. Dkt. No. 40 at ¶¶3, 6. He would stand next to the officer who would be on the phone or radio; Pickett asserts that he could hear everything Defendant said and he could hear everything the officer said to Defendant. *Id.* at ¶6. According to Pickett, he skipped many meals and was placed in the position of having to choose between eating food that violated his principles or not eating at all. Dkt. No 56 at 4.

Defendant asserts that she had no personal interaction with Pickett and that she never spoke directly to him. Dkt. No. 34 at ¶¶15-16. She also states that she never told him or anyone else that he must eat what he is given or not eat at all. *Id.* at ¶¶16-17. While Pickett asserts that he wrote many grievances on this issue, dkt. no. 10 at 3, Defendant asserts that she never received any of them, dkt. no. 34 at ¶18. She also asserts that, pursuant to Aramark policy, Pickett received vegan meals as indicated by his special diet order. Dkt. No. 50 at ¶59.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than

simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Pickett asserts that Defendant violated the First Amendment and/or RLUIPA when she refused to remedy her staff's failure to provide him with an approved vegan diet consistent with his religious beliefs thereby placing him in the untenable position of having to eat food that violated his religious beliefs or go hungry. Defendant asserts that she is entitled to summary judgment because she and her staff provided Pickett with the vegan diet approved by the jail; therefore, there was no substantial burden on his religious beliefs.

To survive summary judgment on his First Amendment claim, Pickett had to submit evidence from which a jury could reasonably find that Defendant unjustifiably placed a substantial burden on his religious practices. *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). "A substantial burden 'puts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id.* (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 717-18 (1981)). And "[a] burden is unjustified if it is not reasonably related to a legitimate penological interest." *Id.* (citations omitted). The Seventh Circuit has "repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Id.* (collecting cases).

Pickett asserts that he regularly received foods that were not vegan friendly, including eggs, white bread, milk, cake, and honey, and that, as a result he had to regularly skip meals. Defendant asserts that her staff provided Pickett with the vegan diet approved by the jail. She relies, in part,

4

on a 25-day log that was kept *after* Pickett filed his lawsuit to establish that he received vegan-friendly foods *before* he filed his lawsuit. Defendant insists that Pickett's assertions about the food he received are insufficient to create a dispute of material fact. Defendant is incorrect. Defendant submits evidence of vegan-friendly menus and policies requiring adherence to those menus, but, as Pickett points out, that evidence establishes only what food he *should have* received; it does not establish what food he *actually* received. Further, evidence detailing foods Pickett was provided after he filed his lawsuit is irrelevant to establishing what foods Pickett received before he filed his lawsuit. Pickett has first-hand knowledge of the food he actually received, and the food he describes—milk, eggs, honey—are not vegan-friendly.

Defendant also asserts that Pickett is only speculating that the food he received was not vegan-friendly. She explains that many foods that were once off-limits now come in vegan-friendly forms. By way of example, she explains that the jail uses vegan-friendly cheese. But cheese is not the only food Pickett complained about. He also complained about receiving white bread, eggs, milk, and honey. Defendant has not offered evidence sufficient to preclude a jury from finding that these foods, which Pickett says he regularly received, were always vegan-friendly. Reasonable inferences must be drawn in the *non-moving* party's favor, and without additional information, a jury could reasonably conclude that the bread, eggs, milk, and honey that Pickett claims to have received were *not* vegan-friendly.

Defendant also asserts that she never received Pickett's grievances nor did she ever talk to Pickett about his complaints. While Pickett presented no evidence that Defendant received his written grievances, he did describe two contacts with Defendant where he stood by a corrections officer who radioed Defendant. Pickett asserts that he heard what the corrections officer said to Defendant and he personally heard Defendant's response. This evidence, which is based on

5

Pickett's personal knowledge of Defendant's statements, is sufficient for a jury to conclude that Defendant was aware of Pickett's complaints that he was not receiving food consistent with his approved diet. Defendant provides no evidence to support a conclusion that she followed up on Pickett's complaints after she was informed that he was not receiving vegan-friendly food.

As the Food Services Director, it was Defendant's responsibility to ensure that her staff complied with policies enabling inmates like Pickett to receive nutritionally adequate food consistent with their religious beliefs. Pickett has presented evidence that he informed her that her staff was not adhering to those policies and that she did nothing about it. If a jury were to believe Pickett's version, it could reasonably conclude that her inaction substantially burdened his free exercise rights. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)) (holding that a supervisor may be liable if she knows about the conduct and condones it or turns a blind eye for fear of what she might see).

The Court also concludes that qualified immunity does not shield Defendant. "Qualified immunity protects government officials from liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Campbell v. Kallas*, 936 F.3d 536, 545 (7th Cir. 2019) (quoting *Estate of Clark v. Waller*, 865 F.3d 544, 549-50 (7th Cir. 2017)). It has long been clearly established that a prisoner's religious dietary practice is substantially burdened when he is forced to choose between his religious practice and adequate nutrition. *Thompson*, 809 F.3d at 381. Because the evidence supports an inference that Defendant's inaction forced this choice on Pickett, qualified immunity is unavailable.

Finally, the Court agrees that Pickett's RLUIPA claim must be dismissed. RLUIPA is a federal statute that provides heightened protection to prisoners' exercise of their religion.

*Sossamon v. Texas,* 563 U.S. 277, 281 (2011). Under RLUIPA, a claimant may "assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C §2000cc-2(a). RLUIPA permits relief only against "governmental bodies that receive federal funds and accept the conditions attached by the statute." *Id.* (citing *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019)). Defendant, who worked for a private corporation at the relevant time, is not a governmental body, so she is entitled to summary judgment on Pickett's RLUIPA claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 48) is **GRANTED** as to Pickett's RLUIIPA claim and **DENIED** as to Pickett's First Amendment claim. The Court will schedule a telephonic status conference to discuss next steps.

Dated at Milwaukee, Wisconsin this 19th day of March, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge